Yes, good morning, your honor. May it please the court. I am David Mercer and I represent the appellant Earl Love in this case. This appeal arises from a criminal case in which United States Medical Center for Federal Prisoners in Springfield, Missouri. One of the elements that was required for the government to prove this allegation was that the assault occurred within the special maritime and territorial jurisdiction of the United States. This charge was tried to a jury in August of 2020 and the jury found Mr. Love guilty and this appeal followed. This appeal presents two interrelated issues. The first is whether the district court erred in denying Mr. Love's motion for a judgment of acquittal where the government completely failed to produce any evidence that the alleged assault occurred within the special maritime and territorial jurisdiction of the United States. And secondly, whether the district court erred in taking judicial notice of this element and so instructing the jury. Again, where the government had offered no evidence relevant to how the United States of America had acquired the real property upon which the medical center rests. I believe both counsel for the government and myself would represent that these are issues of first impression to this court. And for all of the complexities presented by this case, I believe this appeal really boils down to a fairly simple question. And the question is not whether the government could have proven this element, but rather what are the consequences where the government fails to prove this element? And so I would turn to the two issues presented in my appeal. The first has to do. Let me start with the judicial notice. The second circuit in Davis not only said the district court could take judicial notice, it took otherwise error. So yes, yes. What authority says that this judicial notice is not appropriate with the with this with this issue? Well, with respect, your honor, I guess I would reformulate the court's question and ask what authority in the Eighth Circuit or the Supreme Court says that this court can take judicial authority of that fact or my quest. My question made what should have been obvious. I was suggesting that not that the Second Circuit is controlling, but assuming it's persuasive or wet as to whether it's persuasive. What's your countering authority? Well, there's a couple of things. It sounds like the answer is none. Just don't don't don't follow the Second Circuit. No, I would disagree with that, your honor. I think that there are a couple of things that are cited in my brief that I think are controlling and should dictate the outcome here. One is judicial notice requires that the court take judicial notice in this case of a legislative fact. And this court, the Eighth Circuit, in one of the cases cited in my brief, the Gould case that I think was a 1972 case, says that legislative facts are, quote, established truths. Close quote. Now, the question that kind of begs the question here, is this fact this thing that the court took judicial notice of? Is it an established truth? And if it is, what established it? Well, whether FMC Springfield was acquired prior to 1940 by the U.S. government is not a not a fact that's going to change. That's true. It's either true or it isn't true. I think you're exactly right. And that leads me to the second line of answering your question. I know I know where I know where you're going. And my question is, why? Why does the government have to present have to bring to the district court something that it could that it could take judicial notice of on its own? What authority do you have for that? Well, your honor, one of the cases I cited in my brief is the Winship case, which is a Supreme Court case that says I will concede that this is a kind of a general legal principle, but I think it's truly important here. The government has a burden to prove every element of the charge offense. This is an element of the offense that the government knew about. It's in the indictment that was drafted by the government. It's in the jury instructions. It's in the United States Code. There is absolutely no doubt that proving the element of territorial jurisdiction is required in this offense, and the government under Winship has the responsibility of proving that. Similarly, another case that's in my briefing is the court's decision, the Eighth Circuit's decision in the Jackson case, where there was a similar charge, an assault charge under 18 U.S.C. 113 that allegedly occurred on an Indian reservation. The court ended up reversing that conviction for the exact reason that's before the court here, and that is the government failed to prove that required territorial jurisdiction element. Further, and I will tell the court that it's my intent to file a 28-J letter in this case. After I filed my by this court, United States v. Coleman, which is not directly on point, but I think it shows us an important truth here. Coleman cited a previous Eighth Circuit case, United States v. Johnson, that essentially says that when it comes to proving its case and proving the required facts necessary, the government essentially gets one bite at the apple. What the government's asking this court to do, and I would just... Counsel, I know this has been briefed, but it seems to me that the district court was far more candid here than what you're allowing. The district court said, based on the testimony of the nurse and the FBI investigators and research I have done, I'm taking judicial notice of the acquisition point. Nobody said, Your Honor, what did you look at? I suspect he went... What's the county? Is it green or... I suspect he went to Green County Register of Deeds records, which are public records, and their records, I would suggest, are appropriate for judicial notice. Why does your client get a windfall? Because the government didn't bring it to the court. The court did it itself and then invited contrary evidence. Well, there's two responses to this. Defense A didn't pin down what the court had looked at that had to be countered, and B presented nothing because it knew the answer. Well, I think there's a couple of responses to the court's inquiry. One is, you're right. We don't know what the district court looked at in its research. Maybe it was a deed. Maybe it was a website. We don't know. But that really highlights a couple of things. One is, the government has the burden of proof here. And secondly, as the court responded, this is a Green County case. I don't know if you've been to Springfield, but the recorder's office is literally a 90-second drive from the federal courthouse. Wouldn't have been difficult for the government to discharge its burden of proof in this case. And I don't think it's appropriate for me, the government, or even this court to guess what the district court relied on in its extrajudicial research. And I see that I'm into my rebuttal time. I'd like to save some for rebuttal. Very good. Thank you. Mr. Wagner? May it please the court, David Wagner, on behalf of the- I hope the government will never do this again this way. Understood, Your Honor. Judge Loken, you asked what I think is an important question at the beginning of Mr. Mercer's argument, which is, what authority, aside from the Davis case, allows this court to take judicial notice for the first time on appeal? And I point the court to two Supreme Court cases. They're both fairly old, but I think they're useful and still instructive. The first is Jones v. United States. That's cited in our brief on page 38. It's an 1890 case where the Supreme Court looked at documents similar to what are at issue in this case to determine that the United States exercised territorial jurisdiction over an island in the Caribbean. And in fact, the Supreme Court gave what I think are important instructions. It said, all courts of justice are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government whose laws they administer as appearing from the public acts of the legislator and executive, although those acts are not formally put in evidence nor in accord with the pleadings. I think that instruction applies in this case, just as it did in the 1890s. And the second case I would point the court to is the Supreme Court's decision in Bowen. That's cited on page 39 of the government's brief. That was a slightly different posture. It was an appeal from the denial of a habeas petition. But neither of the courts below had addressed the merits of the issue of whether the Chickamauga and Chattanooga National Military Park in Georgia was within the territorial jurisdiction of the United States. So the Supreme Court went ahead and did it itself. It looked both to state laws as well as federal laws and an opinion from the War Department. Those are very similar to the documents that the are here. So I think those two cases confirm that what the Second Circuit did in Davis was exactly right. I'd also note that even more recently than Davis, in a case called, I believe it was, I forget the exact name, Redmond, that's cited in the footnote on the bottom of page 38 of the government's brief, the Ninth Circuit took judicial notice of very similar documents. So this is not an unusual thing for a court of appeals to do. The Supreme Court has done it. Other circuits have done it. And I don't see any reason this court can't do it in this case. I would also note that Mr. Mercer referenced the Jackson decision from this court, which there was actually two opinions in the Jackson case. And in the first opinion, it was an Indian country case. In the first opinion, this court, and I believe, Judge Loken, you authored the opinion, sent the case back because there was an incident. Yeah, you authored both of them. You sent the first case back. But the evidence in that case was very different than what we're dealing with here, because there, the missing evidence was of historical context and the subsequent use of the land on the Red Lake Indian Reservation. That's very different from what we're dealing with here. Those sorts of things are not appropriate, I think, for judicial notice, because I believe they actually required a two-day evidentiary hearing in the district court. Here, we're dealing with statutes, we're dealing with the deed, and we're dealing with other official documents from government agency. There's no need for an evidentiary hearing. Also, and maybe this is beside the point, but I'll mention it anyways, in the Jackson case, there was a legitimate dispute over whether the Red Lake Indian Reservation had been diminished. And in this case, there's no legitimate dispute over whether the Springfield Medical Center is special maritime and territorial jurisdiction. In fact, I don't believe Mr. Love has ever taken the position that it's not. His sole position is that there should have been more evidence of it. But as far as I can tell, he doesn't dispute, and he's given no reason that there could be a dispute, that it in fact is, as a legal matter, within the special maritime and territorial jurisdiction. Did the district court here use Rule 201, do you think? No, I don't think so, I think the district court was viewing these facts as legislative facts. And legislative facts don't fall within the purview of Rule 201, which covers only adjudicative facts. And the reason the facts necessary to deciding the legal issue in this case are legislative facts, are because they contain established truths, facts, or pronouncements that do not change from medical center is an established truth. It doesn't change. It's not going to change between Mr. Love's case and the next prosecution that's brought for actions that happen at the medical center. And in that sense, I think it's very similar to the fact that was an issue in this court's decision in Gould. That's one of the main cases in this space involving legislative facts. And in that case, this court found that cocaine, let me get the terminology right, cocaine hydrochloride is derived from cocoa leaves, and therefore a Schedule II-controlled substance. This court said that's a legislative fact, because it's not going to change. So the district court doesn't need to advise the jury that it can accept or reject the court's finding of that fact. I think that applies here. In Gould, this court pointed out that it would be absurd if a jury in one case could find that cocaine hydrochloride is a controlled substance, and in the next case, a jury could reject the court's finding and find that it's not. That would just be absurd. I think the word this court used was preposterous, actually. And that's exactly the case here. It would be preposterous if a jury in Mr. Love's case could reject that the Springfield Medical Center is in the Special Maritime and Territorial Jurisdiction. In the next case, a jury could find that it was. There needs to be consistency. And there's a couple reasons there needs to be consistency. One is to give people notice. Is where I am, is it subject to federal or state jurisdiction? That's important. Another reason consistency is important is the federal government and the state government need to know who should bring the prosecution. And in fact, if you think about it, if a jury were to reject the court's finding in a case that the land is under Special Maritime and Territorial Jurisdiction, then essentially what could the state do in that case if the state determined as a matter of law that it's outside the jurisdiction? Of course, counsel, the problem with that argument is the same need for consistency was needed in Jackson. Absolutely, but now... My question was who was supposed to prosecute Jackson, federal government or the state government? Absolutely, but Judge Loken, I think... And it took... Look what it took to resolve that. Yeah, it was a difficult question. You can only imagine if that evidence had been put to a jury and they had been asked to reach the conclusion. I mean, it's construing the congressional statutes that had arguably diminished the reservation. But I think now, because a complete factual record was made and unless somebody came back and said, there's a reason to think things have changed, it seems to me that if the district court had not advised counsel that it had done some research as part of... And based on that and the testimony was taking judicial notice. If it was just the testimony, it seems to me your position would be very weak. I think it would be a difficult position. I agree, Judge Loken. But I think even if it were just the testimony on appeal, that doesn't change the fact that on appeal, this court can take judicial notice of the relevant materials because this court is not evaluating the sufficiency of the evidence. This court is evaluating the correctness of the district court's legal conclusion. And in that sense, I don't think this court is bound by only what the district court had in front of it. For example, if a district court makes a legal conclusion and doesn't take into account a particular statute, that doesn't prevent this court from taking notice of that statute on appeal. That's exactly what happened here. We don't know if the district court looked at the relevant statutes, presumably it did, but that doesn't prevent this court from considering them. And in fact, on that point, one thing I wanted to note, and I don't know if I made this point clearly enough in the brief, but based on federal statutes alone, it is clear that the federal medical center is within the special maritime and territorial jurisdiction. And there's two statutes in particular I would point the court to. The first is Congress's Act of April 13, 1934. That's on page 40 of the government's appendix. That's the act where the federal government granted Missouri an easement over the land for the medical center in 1934. If the government didn't own the land by that point, they couldn't have granted the easement. So by virtue of the fact that there's a statute granting an easement over the land, we know that the government owned the land at that point. The second statute is what used to be 40 U.S.C. section 2255. That is included at page 67 of the government's appendix. That's a statute that at the time said that before Congress could expend any funds to erect a public building, the attorney general had to provide a written opinion regarding validity of title, and the state had to have consented to the purchase of the land. The Supreme Court has noted that a court can presume Congress complied with that statute. So if we presume Congress complied with that statute when they built the medical center, they necessarily had to own the land. So those statutes alone demonstrate ownership. What page was that? Of the government's appendix, Judge Colleton, that was page 67, I believe. And the Supreme Court decision about being able to draw a presumption, that is SRA Inc. versus State of Minnesota. I see that my time is up. If there are no further questions, the government would ask this court to affirm. Very good. Thank you. Mr. Mercer at the fur bottle? Yes, Your Honor. Thank you. I want to make sure that we keep our eye on the ball here. The government characterizes my complaint as wanting more evidence. That is not, in fact, the case. I think the problem in this case is there isn't any evidence that the district court could reasonably rely on. And I think that really leads us to what's at stake in this case. I don't think it's appropriate to forget that this entire case is about the deprivation of liberty, of oral love. And what the government's asking this court to do is to essentially allow Monday morning quarterbacking. The government had the burden of proof. That is absolutely crystal clear. They knew what they had to prove. They alleged it in their indictment. And due process requires, if we're going to deprive people of liberty, that we do it right. And I think there's Eighth Circuit authority that says the government gets one bite at the apple, and if they blow it, they've blown it. And here, they blew it. They had every opportunity to do what needed to be done. And we return to the simple question that's posed by this case. It's not could they have proven this element. It's what are the consequences when they utterly fail to do that. So we would ask the court to reverse. Thank you, counsel. Thank you. Interesting question. It's been well-briefed and argued. We'll take it under advisement.